

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00301-CR

**CHARLES HENRY ASHTON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 14601-A

## MEMORANDUM OPINION

The jury found Charles Henry Ashton, Appellant, guilty of the third-degree felony offense of assault family violence and assessed his punishment at confinement for seventy-five years.  The trial court sentenced Appellant accordingly.  We affirm.

Because, on appeal, Appellant has not challenged the sufficiency of the evidence to support his conviction, we summarize the evidence only for context.

Appellant and Michelle Robledo were in an on-again, off-again "dating" relationship. On the date of the offense, after Appellant came home from working, Robledo noticed that Appellant had been drinking. According to Robledo, that was an historical trigger for arguments between them. The evidence shows that that turned out to be true on this occasion. Appellant grabbed and pushed Robledo, and he also hit her at least twice. Police who responded to a report of the assault saw bruises on Robledo's arms, and they also noticed that her left cheek was swollen.

Section 22.01(a) of the Texas Penal Code provides that "a person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE § 22.01(a). The offense is a Class A misdemeanor. *Id*. at § 22.01(b). Except, however, the offense is a felony of the third degree if the offense is committed against, among others, a person with whom the actor is involved in a dating relationship, if it is shown at trial that the actor has been previously convicted of an offense under Chapter 22 against, among others, a person with whom he was involved in a dating relationship. *Id.* at § 22.01(b)(2)(A); TEX. FAM. CODE § 71.002(b).

As we have noted, Appellant's quarrel is not with the sufficiency of the evidence to show that he committed the offense of family violence against Robledo; neither does he contest the fact of his prior conviction. In fact, Appellant entered into a stipulation as to the prior conviction. Rather, in Appellant's first issue on appeal, he levels his

complaint at the fact that the trial court allowed the jury to consider his prior conviction for assault family violence during the guilt phase of the trial. Appellant insists that, in this context, a prior conviction for assault family violence is a sentence enhancement, not an element of the third-degree felony offense of assault family violence. Therefore, he argues, the trial court erred in its charge to the jury and should not have presented that issue to the jury until the sentencing phase of the trial.

When the parties filed their briefs in this court, the Texas Court of Criminal Appeals had not spoken directly to this issue. On March 31, 2021, that Court delivered its opinion in *Holoman*. The Court held that "Section 22.01(b)(2)(A) establishes an element of an aggravated crime and not, alternatively, a punishment enhancement." *Holoman v. State*, 620 S.W.3d 141, 147 (Tex. Crim. App. 2021). Therefore, the aggravating factor, the prior conviction, is an element of the felony offense of assault family violence and is appropriately submitted at the guilt phase of the trial. The trial court did not err when it instructed the jury accordingly in the guilt phase of the trial. We overrule Appellant's first issue on appeal.

Appellant maintains in his second issue on appeal that: "The guilt phase charge failed to allow the jury to decide the defendant's guilt in light of the evidence and the law." He argues that "[a] jury verdict cannot stand if based on constructions that allow a conviction without a proper finding of facts supporting each element of the crime."

As we understand Appellant's position, it is this: in certain limiting instructions given to the jury by the trial court, it effectively told the jurors that they could not use any of the evidence about his prior conviction for assault family violence as proof of the prior assault family violence conviction. Therefore, Appellant maintains, if the jury could not consider that evidence, the jury was left with no way to find that Appellant committed the prior family violence assault, and the trial court should not have given a charge that allowed the jury to find that element of the offense.

In his briefing, Appellant is clear that he offers no argument as to the sufficiency of the evidence; he presents both of his issues as jury charge error issues, to which he did not object a trial.

Article 36.14 of the Texas Code of Criminal Procedure provides that a trial court is to give a written charge to the jury. In that charge, the trial court is to distinctly set forth the law that is applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West).

In its charge to the jury in this case, the trial court gave various limiting instructions to the jury, some of which Appellant finds objectionable. We will discuss those in the order in which Appellant has briefed them.

The first instruction about which Appellant complains provides:

> "You are instructed that certain evidence was admitted in evidence before you in regard to the *defendant's* having been charged and convicted of offenses *other than the ones for which he is now on trial*. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case except that same may be considered in connection with any

prior convictions alleged in the indictment. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose. (emphasis added)

The instruction is expressly limited to offenses *other than that for which Appellant was on trial*. By this instruction, the trial court did not deprive the jury of its ability to consider evidence of the prior family violence conviction.

The next instruction that Appellant attacks is:

"You are instructed that if there is any testimony before you in this case regarding any *witness* having been convicted of any previous offenses, you cannot consider any evidence of said previous convictions, if any, for any purpose unless you believe beyond a reasonable doubt that the witness was convicted of such offenses, if any, and even then you may only consider the same in passing upon the credibility of the testimony of the witness as a witness in this case and for no other purpose. (emphasis added)

It is clear to us that in the context of the entire jury charge, the instruction applied only to witnesses other than Appellant. Instructive is the fact that in the instruction that we quoted above, the focus is on the defendant. By this instruction, the trial court did not deprive the jury of its ability to consider evidence of the prior family violence conviction.

Next, Appellant claims that the trial court erred when it gave the following instruction:

"The Defendant is on trial solely on the charge contained in the indictment. In reference to evidence, if any, that the

Defendant has committed other crimes or bad acts *other than that which is charged by the indictment in this case*, you are instructed that you cannot consider such other crimes or bad acts, if any, for any purpose unless you first find and believe beyond a reasonable doubt that the Defendant engaged in such other crimes or bad acts, if any, and even then, you may only consider said evidence for the following purposes determining motive, preparation, plan, intent, knowledge, absence of mistake or accident, or the relationship between the defendant and the alleged victim, if it does.  (emphasis added)

The trial court expressly limited this instruction to crimes or bad acts "other than that which is charged by the indictment in this case."  By this instruction, the trial court did not deprive the jury of its ability to consider evidence of the prior family violence conviction.

Finally, Appellant contends that the trial court erred when it instructed the jury that:

"With respect to the evidence admitted in this case concerning the Defendant's having been previously convicted of Assault Causing Bodily Injury-Family Violence, if he was, you are instructed that such evidence cannot be considered by you in any manner as proving or tending to prove that the Defendant intentionally or knowingly or recklessly caused bodily injury to Michelle Robledo on or about the 17th day of November, 2018, in Limestone County, Texas.

It seems to us that the trial court simply instructed the jury that just because Appellant had been convicted of family violence before, they could not take that as proof that he had committed family violence again.  *See* TEX. R. EVID. 404(b).  By this instruction,

the trial court did not deprive the jury of its ability to consider evidence of the prior family violence conviction.

The trial court did not commit jury charge error when it gave the above-quoted instructions. We overrule Appellant's second issue on appeal.

We affirm the judgment of the trial court.

JIM R. WRIGHT
Senior Chief Justice

Before Chief Justice Gray,
 Justice Johnson,
 and Justice Wright[1]
Affirmed
Opinion delivered and filed August 18, 2021
[CRPM]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. See TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.